This is a suit brought under the provisions of Act No. 330 of 1938, in which plaintiff seeks to recover the sum of $1,459.33, representing the amount of taxes paid for the year 1940, on an alleged illegal assessment in excess of a sum claimed by plaintiff to be the proper and legal assessment.
The record is made up of documentary exhibits and a stipulation of facts filed upon trial by agreement of counsel for both plaintiff and defendant. The pertinent facts as disclosed by this stipulation are as follows:
Plaintiff corporation, as owner of 41,278 acres of land and timber situated in Bienville Parish, Louisiana, made due return of said property for assessment, by sworn rendition in accordance with law, to the Assessor of Bienville Parish for the year 1940. The Assessor, with the approval of the Board of Reviewers, filed the valuation of the property returned for taxation in the total sum of $221,020, and filed his tax roll with the Louisiana Tax Commission, showing said valuation.
In the fall of 1940 plaintiff made appearance and registered protest before the Louisiana Tax Commission, and was advised that hearing would be postponed pending an estimate of plaintiff's timber, then in process by the Police Jury of Bienville Parish, and that plaintiff would be notified of the date fixed for hearing thereon. No such hearing was ever accorded plaintiff.
On November 5, 1940, certain constitutional amendments, submitted by Act 384 of 1940, were adopted by a majority vote of the qualified voters of the State, the Louisiana Tax Commission ceased to exercise its functions, and its duties were assumed by Rufus W. Fontenot under the title of Director of Revenue, this change becoming effective during the month of December, 1940. *Page 100 
On January 20, 1941, the said named Director of Revenue instructed the Assessor of Bienville Parish to place an assessment on plaintiff's property of $273,182, which order was issued without prior notice or granting of a hearing to plaintiff, and said valuation was thereupon placed upon the roll of the Parish and a copy of said order was mailed to plaintiff. The order directed that plaintiff might take up any complaint regarding the assessment with the Board of Revenue of the State of Louisiana, and, pursuant to such advice, plaintiff appealed to the Board of Revenue. A hearing was had on or about February 19, 1941, with the result that on or about April 7, 1941, the Board of Revenue reduced the assessment of plaintiff's properties to the sum of $250,074, which reduction was effected by instructions of the Board of Revenue to the defendant, given on April 30, 1941.
On date of May 14, 1941, plaintiff paid the defendant, as Sheriff and Ex-officio Tax Collector in and for Bienville Parish, its taxes for the year 1940, the portion of taxes amounting to $1,459.33 on the valuation in excess of $221,020, being paid under protest. At the time of payment, plaintiff notified defendant of its intention to file suit to recover said sum with interest.
On May 29, 1941, plaintiff filed this suit, alleging the unconstitutionality of Act No. 384 of 1940 and the amendments adopted pursuant thereto. Plaintiff's petition included an alternative claim, charging the increase in the assessment above the sum of $221,020 to be unjust, discriminatory and unconstitutional, which claim, however, has since been abandoned.
Defendant filed, with the stipulation of facts, a judgment and opinion of the Board of Revenue, the admissibility of which instrument has been objected to on behalf of plaintiff.
By action of August 19, 1941, the Louisiana Tax Commission verified and adopted the assessment of $250,074 made against the Bodcaw Lumber Company for 1940, and ordered same placed upon the assessment roll of Bienville Parish, as shown by resolution of the Louisiana Tax Commission also filed in connection with the stipulation of facts, admissibility of which is also objected to on behalf of plaintiff.
On or about December 15, 1941, the dissolution of plaintiff corporation was authorized by its shareholders and J.G. Boyce, B.S. Cook and S.J. Seeger were named as liquidators. By amended petition the said named individuals were made parties plaintiff in their capacity as liquidators of the plaintiff corporation.
Sundry exceptions were filed by counsel for defendant, which exceptions, however, are not urged before this Court, having been abandoned.
There is no question now before this Court concerning the constitutionality of any statute of the State of Louisiana, this question admittedly having been disposed of by the Supreme Court. Graham v. Jones, 198 La. 507, 3 So.2d 761, Ricks v. Close,201 La. 242, 9 So.2d 534. The sole question which remains before us for determination is whether the assessment of plaintiff's properties in the sum of $250,074 was legally made and the tax thereon properly collected.
Before proceeding to a discussion of the legality vel non of the assessment complained of, it is necessary for us to dispose of the issues raised by defendant's attempted introduction of proceedings by the Board of Revenue and the resolution of the Louisiana Tax Commission, objection to the admissibility of both of said documents having been made by plaintiff.
The opinion and judgment of the Board of Revenue is replete with recitals of fact, extracts of testimony and conclusions drawn therefrom, which have no substantiation in this record. Since the Board of Revenue, under the decision of the Supreme Court in the Graham case, cited supra, had no constitutional existence, we are of the opinion that any act of such legally non-existent body must also be considered non-existent in contemplation of law, and, therefore, has no place in the consideration of the questions here involved. For this reason, we believe plaintiff's objection to the admissibility of the instrument referred to should be sustained.
Plaintiff also objected to the admission of the resolution of the Louisiana Tax Commission, which resolution was adopted August 19, 1941.
We think the law is clear that the Louisiana Tax Commission had no authority to make a change in the assessment after taxes had been paid. Act No. 18 (2nd E.S.) 1934.
In view of the plain provisions of the law, as set forth in the act above cited, *Page 101 
we are convinced that the resolution referred to should have been excluded from consideration by the Court.
Briefly summarizing the salient facts under consideration, we find that plaintiff complains of an assessment fixed by the Board of Revenue, a body which had no legal and constitutional existence, and plaintiff contends that since such body did not legally exist, in consequence, its purported exercise of authority could not furnish the foundation for a valid and binding assessment of plaintiff's properties.
Counsel for defendant argues that this is a proceeding in which the District Court had the right to review and fix the tax to be paid by the plaintiff. We do not follow this argument. Plaintiff is clearly seeking relief in the nature of a refund for taxes claimed to have been paid pursuant to an illegal assessment. In his answer defendant did not ask the Court to fix a tax, but simply prayed for the rejection of plaintiff's demands and judgment releasing the sum involved. It is true that defendant also prayed that the assessment of $250,074 be decreed correct and proper, but the judgment of the District Court did not make any such decree. The judgment is confined to the rejection of the demands of the plaintiff. Since the Judge of the District Court did not file a written opinion, we do not have the benefit of his reasons for the judgment rendered.
It is to be noted that the mechanics of fixing the assessment in this particular matter followed, for a time, the method of procedure established under existing laws, which procedure was interrupted by the assumption of jurisdiction over the assessment by the Board of Revenue under the Director of Revenue. Plaintiff has consistently asserted all rights of protest available to it, and even while asserting the unconstitutionality of the laws under which the Board of Revenue purported to function, plaintiff nonetheless, has zealously prosecuted its claim.
We do not feel that plaintiff's procedure before the Board of Revenue can serve as the basis of an estoppel against its right in this action to protest an illegal action by an officer and a board having neither constitutional existence nor authority.
In deciding the issues involved in this cause, we are confronted with the necessity of deciding what seems to us to be, stated concisely, a proposition as to whether or not the acts of boards and officers existing under legislation which has been declared to be unconstitutional, null, void and of no effect, can properly be accorded a standing of legality such as to entitle such acts to enforcement and effect.
The jurisprudence of this State is in accord with the general rule that there can not be an officer de facto in the absence of the existence of an office de jure. This principle has been enunciated, among other cases, in Davenport v. Davenport,116 La. 1009, 41 So. 240, 114 Am.St.Rep. 575; Lower Terrebonne Ref. 
Mfg. Co. v. Police Jury of Parish of Terrebonne, 115 La. 1019, 40 So. 443; Garnier v. Louisiana Milk Commission et al.,200 La. 594, 8 So.2d 611.
This principle is in accord with what appears to be the weight of authority, and the general rule is to the effect that:
"An office attempted to he created by an unconstitutional law under this view has no existence, and is without any validity, and any person attempting to fill such a pretended office, whether by appointment or otherwise, is a usurper whose acts areabsolutely null and void". (Emphasis ours.) 43 Am. Jur. Public Officers, § 475, p. 229, citing Norton v. Shelby County,118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178, and other cases.
To the same effect the rule is set forth in 16 C.J.S., Constitutional Law, § 101, page 290:
"Generally, all acts under unconstitutional statutes, other than merely incidental acts, are void and of no effect, but authorities differ whether an unconstitutional statute protects acts of officers thereunder."
Any relaxation or modification of the general rule, which has been followed in Louisiana, appears to be based upon considerations of equity, and since in the case before us the equity of the proposition appears to lie with plaintiff, we do not consider it necessary to burden this opinion with these rare exceptions to the rule.
We do not wish to be understood as holding, even by implication, in this opinion that plaintiff is entitled to the relief sought simply because the act under which the procedure of assessment was had was subsequently declared unconstitutional. Plaintiff has consistently preserved its rights, and in this very proceeding attacked the constitutionality of the laws under which *Page 102 
the assessment was made, which question has passed out of the case only because of the fact that it has already been decided by the Supreme Court in the cases to which reference is above made.
It is well established that an unconstitutional law is in effect no law, confers no rights, imposes no duties, and creates no offices. Flournoy v. First Nat. Bank of Shreveport,197 La. 1067, 3 So.2d 244. This being the case, certainly acts performed under the sole color of rights and authority granted by a law that is unconstitutional, and therefore null, may not be accorded any effect, nor enforced by judicial decree.
In Board of Liquidation of the State of Louisiana et al. v. McComb, 92 U.S. 531, 541, 23 L.Ed. 623, the Supreme Court of the United States declared: "* * * if the officer plead the authority of an unconstitutional law for the non-performance or violation of his duty, it will not prevent the issuing of the writ. An unconstitutional law will be treated by the courts as null and void."
By analogy we are convinced that the defendant in this case cannot plead the validity of acts performed by officers holding offices created by an unconstitutional law, in justification of his collection of tax monies.
It may be argued that the assessment is justified and that the assessed value is the correct basis for taxing properties belonging to the plaintiff. Be this as it may, this Court has no right to validate even a just assessment which has been fixed through the application of processes that are invalid, null and ineffective because they are unconstitutional.
We are convinced that the only assessment that has been properly and legally made upon the property of plaintiff is the assessment fixed and returned by the Tax Assessor of Bienville Parish. Had the assessment proceeded through the Louisiana Tax Commission to a conclusion, before these proceedings were diverted by the application of the unconstitutional statutes into channels which had no legal and constitutional existence, our conclusion might be otherwise. But even the act of the Louisiana Tax Commission by resolution of August 19, 1941, could not then validate the increased assessment, since the tax, months before, had been paid by plaintiff, under protest, and with full reservation of its rights.
For the reasons assigned, the judgment of the District Court is set aside, annulled and reversed, and there is now judgment in favor of J.G. Boyce, B.S. Cook and S.J. Seeger, as Liquidators of Bodcaw Lumber Company of Louisiana, Inc., and against the defendant, Henderson Jordan, Sheriff Ex-officio Tax Collector of Bienville Parish, Louisiana, declaring null and void the assessment of $250,074 on the properties of the Bodcaw Lumber Company, Inc., situated in Bienville Parish, Louisiana, for the year 1940, and reducing the amount of said assessment to the sum of $221,020. There is further judgment ordering the defendant to refund to the said named Liquidators of Bodcaw Lumber Company, Inc., the sum of $1,459.33, representing the amount of taxes paid under protest by plaintiff on that part of the assessment in excess of $221,020, and being the sum segregated and held by said named defendant, together with interest on said sum at the rate of 2% per annum from date of May 14, 1941, to the date said refund shall be made to said named liquidators, and for all costs of both courts.